# United States Court of Appeals
## For the First Circuit

No. 14-1279

JOEL NJOROGE MANGURIU

Petitioner

v.

LORETTA LYNCH, Attorney General

Respondent

Before

Howard, Chief Judge,
Selya and Lipez, Circuit Judges.

**CORRECTED ORDER OF COURT**[*]

Entered: August 10, 2015

The government's motion for reconsideration is denied. Its contention that the Board of Immigration Appeals (BIA) lacks jurisdiction to review the validity of a decision revoking a visa petition may be true, but that contention misconstrues this court's mandate. We explain briefly.

Because the government has raised a colorable claim of mootness and the facts relevant to that claim are not presently in the administrative record, a remand is necessary so that the BIA, either directly or through a further remand to the immigration judge, may gather any available evidence relevant to the mootness inquiry (for example, whether the petitioner received actual notice of the revocation, the nature of the relationship between the petitioner's successive attorneys, and what, if any, steps the petitioner has taken since he learned of the revocation). See Bryson v. Shumway, 308 F.3d 79, 90-91 (1st Cir. 2002); City of Waco v. EPA, 620 F.2d 84, 86-87 (5th Cir. 1980). Such a task is well within the BIA's jurisdiction. See, e.g., In re Neto, 25 I. & N. Dec. 169, 173 (B.I.A. 2010) (noting that despite lack of jurisdiction to adjudicate visa petitions, immigration judges "may examine the underlying basis for a visa petition when such a determination bears on the alien's admissibility").

---

[*] Corrected Order is issued to reflect the correct case number.

By the Court:

/s/ Margaret Carter, Clerk


cc:     Jaime Jasso
        Stuart F. Delery
        Carmel Aileen Morgan
        LaTia N. Bing
        Shelley Goad
        Tim Ramnitz